**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                    **Case No. 6:26-cv-1134-CEM-DCI**

**ASSETS IDENTIFIED IN**
**PARAGRAPH ONE OF**
**VERIFIED COMPLAINT**

      **Defendants.**

**UNITED STATES' MOTION FOR**
**ISSUANCE OF A WARRANT OF ARREST _IN REM_**

The United States of America, pursuant to Rule G(3)(b)(i) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

hereby moves for an order directing the Clerk to issue a Warrant of Arrest in Rem for

the for property identified below:

    (1)     2025 Lamborghini Revuelto, VIN: ZHWUC1ZM9SLA02300, registered to Christopher Delgado;

    (2)     2024 Rolls Royce Ghost, VIN: SCATD6C02RU222648, registered to Goliath Ventures, Inc. and Christopher Delgado;

    (3)     2024 Bentley Bentayga, VIN: SJAHT2ZV0RC025272, registered to Christopher Delgado and Andie Delgado;

    (4)     2024 Lamborghini Huracán EVO Spyder, VIN: ZHWUT4ZFXRLA26330, registered to Goliath Ventures, Inc. and Christopher Delgado

    (5)     2025 Cadillac Escalade V, VIN: 1GYS9HR95SR147650, registered to Goliath Ventures, Inc.;

(6)     2024 Lincoln Navigator L, VIN: 5LMJJ3TG2REL19131, registered to Goliath Ventures, Inc.;

(7)     1951 Mercury, VIN: 51DA24185M, registered to David Stuart;

(8)     2017 Mercedes Benz C300, VIN: 55SWF4JBXHU230429, registered to Goliath Ventures, Inc.; and

(9)     2023 Rolls Royce Cullinan, VIN: SLATV4C02PU217321, registered to Goliath Ventures, Inc. and Christopher Delgado

(collectively, "the Defendant Properties").

In support of its motion, the United States submits the following.

## MEMORANDUM OF LAW

### I.     Background

1.     Between February 2026 through May 2026, the Christopher Delgado and Goliath Ventures, Inc. consented to the Internal Revenue Service ("IRS") taking custody, possession and control of the Defendant Assets which represent proceeds of a violation of 18 U.S.C. § 1343 and are, therefore, subject to civil forfeiture by the United States, pursuant to 18 U.S.C. § 981(a)(1)(C). Additionally, the monetary transactions made to purchase the Defendant Assets, excluding the Rolls Royce Cullinan, were conducted in violation of 18 U.S.C. § 1957 because they were knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically, wire fraud), and, as such, they are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

2

2.      On May 21, 2026, the United States filed its Verified Complaint for Forfeiture *in Rem* (Complaint), which establishes the legal and factual basis supporting the forfeiture of, among other property, the Defendant Properties.

3.       All Defendant Assets are currently in the custody, care and control of the United States government.

4.      As required by Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the facts set forth in the Verified Complaint support a reasonable belief that the government will be able to meet its burden of proof at trial; specifically, that the United States will be able to show by a preponderance of the evidence that the Defendant Assets constitute property subject to forfeiture.

## II.    <u>**Legal Authority**</u>

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs a forfeiture action *in rem* arising from a federal statute. Rule G(1). Pursuant to Rule G, if the Defendant Assets is not real property, and the property is in the government's possession, custody, or control, the Clerk must issue a warrant to arrest the property. Rule G(3)(b)(i). In contrast, if the Defendant Assets are not real property, and is *not* in the government's possession, custody, or control, and is not subject to a judicial restraining order, the court—on finding probable cause—must issue a warrant to arrest the property. Rule G(3)(B)(ii). Thus, Rule G recognizes that if property is in the government's possession, custody,

or control, there has already been some determination of probable cause or agreement of the parties, and judicial review before issuance of a warrant of arrest *in rem* is unnecessary.

## III.    Conclusion

Because Rule G(3)(b)(i) explicitly provides that a judicial finding of probable cause need not be made before the Clerk issues a warrant of arrest *in rem* for property already in the custody of the United States, and here, the Defendant Assets are in the United States' custody. Thus, the United States respectfully requests that the Court enter an order directing the Clerk to issue the Warrants of Arrest *in Rem* for the Defendant Assets.

Further, the United States requests that the original warrant be delivered to the United States Attorney, who will make arrangements for service of process pursuant to law.

Date: May 22, 2026                Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney


By:    *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov