UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ASSETS IDENTIFIED IN
PARAGRAPH ONE OF VERIFIED
COMPLAINT,

      Defendant,

Case No.:  6:26-cv-01134-GAP-LHP

                                 /

### ORDER

This matter comes before the Court on the Government's Unopposed Time-Sensitive Motion for Interlocutory Sale of Property. Doc. 37.

**I.     Background**

On May 21, 2026, the Government filed a Verified Complaint for Forfeiture *In Rem* ("Complaint"). Doc. 1. The Complaint arises from a parallel criminal complaint against Defendant Christopher Delgado ("Defendant") alleging that he "operated Goliath Venture, Inc. [("Goliath")] as a Ponzi scheme" and lists significant real property in addition to 11 vehicles.[1] *See id.* at 1-5, 7. These vehicles

---

[1] "On June 22, 2026, [Defendant] signed a plea agreement in which he agreed to enter a guilty plea to the information charging him with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, one count of substantive wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957." Doc. 37 at 2-3; *see United States v. Christopher Alexander Delgado*, No. 6:26-cr-00158-GAP-NWH, Doc. 52 (M.D. Fla. Jun. 23, 2026).

include a 2024 Rolls Royce Ghost, VIN: SCATD6C02RU222648 (the "Rolls Royce"). *Id.* at 4; Doc. 37 at 1. Defendant purchased this vehicle—with financing assistance from BMW Financial Services NA LLC ("BMW")—in Orlando with the fraudulent proceeds of his alleged Ponzi scheme on April 21, 2025. Doc. 1 at 52. Defendant made payments on the vehicle through February 2026, but the loan is currently in default. *Id.* at 53.

The Court issued a warrant for arrest *in rem* on May 22, 2026. Doc. 22. The Government reports that the Internal Revenue Service ("IRS") has been storing and maintaining the Rolls Royce since it was seized earlier this year. Doc. 37 at 4. Storage costs—which have been paid through July 13, 2026—presently total $2,100. *Id.*

On July 1, 2026, the Government filed the instant motion, seeking to sell the Rolls Royce for $260,000 to the Orlando dealership ("Dealership") which sold it to Defendant.[2] *Id.* at 4-6. The lienholder (BMW) is owed "approximately $242,914.69" and the defaulted loan continues to accrue interest while the Rolls Royce depreciates in value. *Id.* at 5. The Government estimates the sale to the Dealership will yield approximately $14,000 in net profit. *Id.* at 4.

As part of his plea agreement, Defendant "agreed to consent to the forfeiture" of the assets in the instant forfeiture action, including the Rolls Royce. *Id.* at 3; *see*

---

[2] The Dealership's offer includes that it "will take responsibility for transporting the car from North Carolina, where it was seized…[n]o other offer included that term." Doc. 37 at 4, n.2.

*United States v. Christopher Alexander Delgado*, No. 6:26-cr-00158-GAP-NWH, Doc. 52 at 23-24 (M.D. Fla. Jun. 23, 2026). Additionally, Defendant already consented to forfeit the property in this case and his counsel has reaffirmed that he "has no objection to the interlocutory sale." Doc. 32 at 1; Doc. 33; Doc. 37 at 3.

Likewise, the state court-appointed receiver for Goliath, Solomon Genet (the "Receiver"), does not object to the proposed interlocutory sale. Doc. 37 at 3. Previously, the Receiver filed a Chapter 11 bankruptcy action on behalf of Goliath and forged an agreement with the Government to "maximize the funds available for distribution and criminal restitution to victims" of Defendant's fraud, and to "eliminate competing claims to the Debtors'…assets[.]" *Id.* at 4. As part of that agreement—which was approved by the Bankruptcy Court on June 1, 2026—the Goliath debtors agreed "not to challenge the forfeiture of the[se]" assets. *Id.*; *see* Doc. 37-2. The Receiver has represented that Goliath has no objection to the Government's instant motion. Therefore, the Government, the Receiver for Goliath, and Defendant (the "Parties") all agree to the "immediate interlocutory sale of the Rolls Royce." Doc. 37 at 3-4, 7.

The Government requests a ruling by July 9, 2026, so that it may proceed with accepting the current purchase offer and prevent incurrence of further storage costs, which may lead to a net loss. *Id.* at 1.

## II.    Legal Standard

- 3 -

Supplemental Rule G of the Federal Rules of Civil Procedure governs forfeiture actions *in rem* arising from federal statutes. Fed. R. Civ. P., Supp. ("Supp. R.") G(1). Subsection 7 provides that courts may order the interlocutory sale of property if:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> (D) the court finds other good cause.

Supp. R. G(7)(b)(i). Any interlocutory sale "is governed by 28 U.S.C. §§ 2001, 2002, and 2004, **unless** all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supp. R. G(7)(b)(iii) (emphasis added).

### III.    Analysis

The Eleventh Circuit has held that "[a] district court may require claimants in forfeiture proceedings to comply strictly with the [Supplemental Rules'] requirements in presenting claims to the court." *See U.S. v. $125,938.62*, 370 F.3d 1325, 1328-29 (11th Cir. 2004) (internal quotations and citation omitted) (analyzing Supplemental Rule C). In an unreported case, it has also recognized that "[i]n certain circumstances, Supplemental Rule G(7) permits the district court to authorize the sale of real property before the forfeiture case is resolved." *U.S. v. Real Prop. Located at 55 Pub. Square, Cleveland, Ohio*, No. 21-10696, 2022 WL 1549161, *2

(11th Cir. May 17, 2022) (unpublished). In such circumstances, the court "may use other procedures for the sale if all parties…agree to the sale, aspects of the sale, or different procedures." *Id.* (quoting Supp. Rule G(7)(b)(iii)). After the sale, the "[s]ale proceeds are a substitute *res* subject to forfeiture in place of the property that was sold." *Id.* (quoting Supp. Rule G(7)(b)(iv)).

The property subject to the instant motion—the Rolls Royce—was obtained using "proceeds of [Defendant's] wire fraud scheme, committed in violation of 18 U.S.C. § 1343, outlined in the complaint[,]" placing it within the purview of Supplemental Rule G. Doc. 37 at 2; *see supra* at note 1; Supp. R. G(1). "[G]iven the minimal amount of equity remaining in the [depreciating] Rolls Royce," the costs of storage, and the Parties' agreement, the Court finds that the Government's Motion easily satisfies each of Rule G(7)(b)(i)'s enumerated prerequisites for ordering an interlocutory sale.[3] Doc. 37 at 3-6. Further, the Government has certified that "the IRS has the authority to conduct the sale and is prepared to do so[,]" thereby satisfying Rule G(7)(b)(ii). *Id.* at 5. The Court likewise approves of the Parties' agreement to sell the Rolls Royce to the Dealership in order to secure a profit on this property (which is presently in default). *See id.* at 4-6.

Therefore, "immediate interlocutory sale of the Rolls Royce" is appropriate

---

[3] Because all parties agree to the sale, 28 U.S.C. §§ 2001, 2022, and 2004 are inapplicable. *See* Supp R. G(7)(b)(iii).

in these circumstances. *Id.* at 7.

### IV.    Conclusion

Accordingly, it is **ORDERED** that the Government's Unopposed Time-Sensitive Motion for Interlocutory Sale of Property is hereby **GRANTED**.

The net sale proceeds **SHALL** be substitute *res* subject to forfeiture in place of the Rolls Royce and **SHALL** be held in an interest-bearing account maintained by the Government pending conclusion of the forfeiture action.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 2, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party