UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                  **Case No. 6:26-cv-1134-AGM-LHP**

ASSETS IDENTIFIED IN
PARAGRAPH ONE OF
VERIFIED COMPLAINT

      Defendants.

## CONSENT MOTION FOR JUDGMENT OF FORFEITURE OF DEFENDANT VEHICLES

The United States of America moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), for a Judgment of Forfeiture for the following vehicles:

(1)      Approximately $20,561.13 in lieu of the 2025 Lamborghini Revuelto, VIN: ZHWUC1ZM9SLA02300, registered to Christopher Delgado;[1]

---

[1] The Court authorized the interlocutory sale of the Lamborghini Revuelto to an Orlando car broker for $625,000.00. Doc. 42. Consistent with that Order, the lien held by Porsche Leasing LTD d/b/a Lamborghini Financial Services was satisfied from the sale proceeds. As directed by the Court, the approximately $20,561.13 net sale proceeds after the $604,438.87 payment to Porsche Leasing are substitute res subject to forfeiture in place of the Revuelto. The United States will pay its costs of seizure from the net proceeds post-forfeiture.

(2)   Approximately $17,085.31 in net proceeds in lieu of the 2024 Rolls Royce Ghost, VIN: SCATD6C02RU222648, registered to Goliath Ventures, Inc. and Christopher Delgado;[2]

(3)   2025 Cadillac Escalade V, VIN: 1GYS9HR95SR147650, registered to Goliath Ventures, Inc.;

(4)   2024 Lincoln Navigator L, VIN: 5LMJJ3TG2REL1913, registered to Goliath Ventures, Inc.;

(5)   1951 Mercury, VIN: 51DA24185M, registered to David Stuart;

(6)   2017 Mercedes Benz C300, VIN: 55SWF4JBXHU230429, registered to Goliath Ventures, Inc.;

(7)   2022 Mercedes Benz Sprinter, VIN: W1X8EC3Y6NT121984, registered to Goliath Ventures, Inc.; and

(8)   2022 GMC Sierra HD, VIN: 1GT49PEY2NF310721, registered to David Stuart.

(collectively, "the Defendant Vehicles"). The United States has properly served notice on the owners of the Defendant Vehicles, who have consented to the forfeiture. The United States has also published notice of this forfeiture in case there are unknown third parties with an interest in the Defendant Vehicles. The requisite time periods in which to file a claim and answer, as set forth in 18 U.S.C. § 983(a)(4)(A) and Rule G of the Supplemental Rules for Admiralty or Maritime

---

[2] The Court also authorized the sale of the Rolls Royce Ghost to the same Orlando car broker for $260,000.00. Doc. 37. Consistent with that Order, the lien held by BMW Financial Services was satisfied from the sale proceeds. As directed by the Court, the approximately $17,085.31 net sale proceeds after payment of the $242,914.69 to BMW Financial are substitute res subject to forfeiture in place of the Ghost. The United States will pay its costs of seizure from the net proceeds post-forfeiture.

Claims and Asset Forfeiture Claims, Federal Rules of Civil Procedure, have expired and no claims have been received. Therefore, the Court should order the forfeiture of the Defendant Vehicles to the United States.

In support thereof, the United States submits the following memorandum of law.

<strong><u>MEMORANDUM OF LAW</u></strong>

**I.    Statement of Facts**

1.    On May 21, 2026, the United States filed a Verified Complaint for Forfeiture *In Rem* seeking to forfeit the Defendant Vehicles[3] as proceeds, in violation of 18 U.S.C. § 1343 and are, therefore, subject to civil forfeiture by the United States, pursuant to 18 U.S.C. § 981(a)(1)(C). Doc. 1. Additionally, the monetary transactions made to purchase all the Defendant Vehicles except the GMC Sierra, were conducted in violation of 18 U.S.C. § 1957 because they were knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically, wire fraud), and, as such, they are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). *Id.*

---

[3] Upon the United States' motions, the Court dismissed the 2024 Bentley Bentayga, 2023 Lamborghini Huracán (for which Porsche Leasing, Ltd. filed a claim, *see* Doc. 53), and the 2023 Rolls Royce Cullinan, which were named in the Verified Complaint, because they lacked equity. *See* Docs. 43 and 58. Those vehicles are being returned to the leasing companies or lienholders.

## A.    Notice to Potential Claimants

2.    As discussed below, the only persons or entities known to have an alleged interest in the Defendant Vehicles are the registered owners: Christopher Delgado, David Stuart, and Goliath Ventures, Inc. Each owner has received notice of this action, which included, among other things, a forfeiture notice explaining the claims process and a copy of the Verified Complaint. As detailed below, each owner has consented to the forfeiture.

3.    The liens on the Lamborghini Revuelto and Rolls Royce Ghost were satisfied as part of the interlocutory sale. As reflected in the Verified Complaint, there are no outstanding liens on the remaining Defendant Vehicles. *See* Doc. 1 at 56-61.

### (1)    *Christopher Delgado*

4.    Christopher Delgado has signed a plea agreement in which he agreed to enter a guilty plea to the information charging him with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, one count of substantive wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957. *United States v. Christopher Alexander Delgado*, Case No. 6:26-cr-00158-GAP-NWH (M.D. Fla.), Doc. 52. He also agreed to consent to the forfeiture of all assets included in this civil forfeiture. *Id.* at 23-24.[4] Consistent with

---

[4]  On June 30, 2026, Delgado was arraigned on the information and entered a guilty plea; the Court has accepted the plea and adjudicated him guilty. Docs. 63, 67, 72.

the terms of the plea agreement, Delgado also signed a consent to forfeiture, which has been filed in this case. Doc. 32-1.

### (2)   David Stuart

5.     David Stuart has consented to the forfeiture of the 1951 Mercury and the 2022 GMC Sierra HD; his consent was filed with this Court. Doc. 54-1.

### (3)   Goliath Ventures, Inc.

6.     Solomon Genet in his capacity as the attorney for the Receiver, appointed by the state court to oversee Goliath Ventures,[5] also signed a consent to forfeiture of the 2024 Rolls Royce Ghost; 2025 Cadillac Escalade V; 2024 Lincoln Navigator L; 2017 Mercedes Benz C300; and the 2022 Mercedes Benz Sprinter. *See* Doc. 44-1.

---

5 *See Mehal Patel v. Goliath Ventures Inc.*, Case No. CACE-26-003310 (pending in the Seventeenth Judicial Circuit in and for Broward County, Florida). As authorized by the receivership order, the Receiver filed Chapter 11 bankruptcy actions in the United States Bankruptcy Court for the Southern District of Florida, Case Nos. 26-13174-RAM and 26-13176-RAM (jointly administered), for both the Florida and Wyoming Goliath Ventures entities, which are debtors in possession. Mr. Genet also served as counsel for the Debtors in the bankruptcy proceedings. The United States and the Debtors entered into a Coordination Agreement to in order to (1) promote the effective administration of the bankruptcy cases; (2) avoid interference with the ongoing federal criminal investigation; (3) maximize the funds available for distribution and criminal restitution to victims of the fraud perpetrated by Christopher Delgado; (4) eliminate competing claims to the Debtors' books, records, and assets; and (5) eliminate the risk of loss or destruction of evidence. As part of the Coordination Agreement, Debtors agreed not to challenge the forfeiture of the Defendant Vehicles. *See* Doc. 37, Exhibit 1 at p. 2-3. The Coordination Agreement was approved by the Bankruptcy Court on June 1, 2026. *See* Doc. 37, Exhibit 2.

### B.  Publication

The United States filed a Notice of Publication, which reflects that notice of this forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 24, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Doc. 31.

## II.  Legal Argument

Based on the facts, which are more fully set forth in the Verified Complaint, the Defendant Vehicles are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and Rule G(2) and Supplemental G(7)(iv). The Defendant Vehicles were paid for with proceeds of the wire fraud scheme, committed in violation of 18 U.S.C. § 1343, outlined in the complaint. Additionally, the monetary transactions made to purchase the Defendant Vehicles, with the exception of the GMC Sierra, were conducted in violation of 18 U.S.C. § 1957 because they were knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically, wire fraud), and, as such, they are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

As required by Supp'l Rule G(4)(a)(iv)(C), the United States posted notice of this forfeiture on an official government internet website (www.forfeiture.gov) for at least 30 days, beginning May 24, 2026. Under Rule G(5)(a)(ii), a person or entity is required to file a claim to a defendant asset within the time stated on the direct

written notice, or not later than 60 days after the first date of internet publication. Here, the 60 days ran on July 23, 2026. The internet publication gave instructions for filing a claim in the form of a Statement of Right or Interest, to be filed with the Clerk of the Court, United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801, within the time prescribed by law. No one has filed a claim and the time to do so has expired.

The Registered Owners are the only persons or entities known to have an interest in Defendant Vehicles. They consented to this forfeiture.

Based on the facts set forth in the Verified Complaint, the Defendant Vehicles are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because they were purchased with proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343. The Defendant Vehicles, except the GMC Sierra, are also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because the financial transactions conducted to purchase the Defendant Vehicles were made in violation of 18 U.S.C. § 1957. Because the owners have consented to the forfeiture and no other person has filed a claim, and the time for filing such a claim has expired, it is appropriate for the Court to enter a Consent Judgment of Forfeiture for the Defendant Vehicles.

## III.    Conclusion

The United States respectfully requests that this Court enter a Consent Judgment of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), forfeiting to

the United States of America all right, title, and interest the Defendant Vehicles for disposition according to law.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney


By:    s/Anita M. Cream
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov


s/Blain A. Goff
BLAIN A. GOFF
Assistant United States Attorney
Florida Bar Number 109467
E-mail: blain.goff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
