UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                Case No. 6:26-cv-1134-AGM-LHP

ASSETS IDENTIFIED IN
PARAGRAPH ONE OF
VERIFIED COMPLAINT

      Defendants.

CONSENT MOTION FOR JUDGMENT OF
FORFEITURE OF DEFENDANT REAL PROPERTIES

The United States of America moves the Court under 18 U.S.C. § 981(a)(1)(A)

and (C) for a Judgment of Forfeiture for the following real property:

(1)    The real property located at 5271 Isleworth Country Club Drive, Windermere, Florida 34786, titled in the name of Christopher Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lots 228 and 229, Isleworth, according to the map or plat thereof, as recorded in Plat Book 16, Pages 118 through 130, inclusive, of the Public Records of Orange County, Florida.

Property Identification Number: 16-23-28-3899-02280;

(2)    The real property located at 141 S. Phelps Avenue, Winter Park, Florida 32789, titled in the name of Christopher Delgado and Andie Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 14, Windsong - Lakeside Section One, according to the plat thereof as recorded in Plat Book 43, Page 70, Public Records of Orange County, Florida.

Property Identification Number: 08-22-30-9362-00140;

(3)    The real property located at 17416 Bal Harbour Drive, Winter Garden, Florida 34787, titled in the name of Habibi Holdings LLC, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 291, of Waterside on Johns Lake - Phase 2B, according to the plat thereof, as recorded in Plat Book 93, Page 65, of the Public Records of Orange County, Florida. Property

Identification Number: 06-23-27-8903-02-910;

(4)    The real property located at 222 Pawnee Trail, Kissimmee, Florida 34747, titled in the name of Christopher Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 280, Happy Trails Unit 4, according to the Plat thereof, as recorded in Plat Book 2, at Page 196, of the Public Records of Osceola County, Florida.

Property Identification Number: 20-25-27-3303-0001-2800; (e)

(5)    The real property located at 189 S. Orange Avenue, Unit 1800S, 1810S, 1820S, and 1870S, Orlando, Florida 32801, titled in the name of Habibi HQ LLC, including all improvements thereon and appurtenances thereto and rights to approximately 30 associated parking spots, the legal description for which is as follows:

Unit Numbers 1810S, 1820S, 1800S and 1870S, of The Plaza South Tower Commercial Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R Book 8820, Page 4417, and all exhibits and amendments thereof, and recorded in condominium Book 35, Page 67 and Condominium Book 40, Page 1, Public Records of Orange County, Florida.

Property Identification Numbers: 26-22-29-7157-18-000; 26-22-29-7157-18-100; 26-22-29-7157-18-200; and 26-22-29-7157-18-700;

Together with, by Assignment of Parking Easement Agreement,

2

the rights to use and occupy the following parking spaces in the Parking Unit of the Plaza Land Condominium:

Parking Space Nos.: 768, 769, 770, 772, and 773 [5 spaces associated with Unit 1800S]

Parking Space Nos.: 658, 659, 660, 661, 664, 665, 666, 667, 668, 669, 670, 671, and 672 [13 spaces associated with Unit 1820S]; and

Parking Space Nos.: 727, 728, 760, 761, 762, 763, 764, 765, 766, 767, 788, and 789 [12 spaces associated with Unit 1870S]; and

(6)     The real property located at 7333 Bella Foresta Place, Sanford, Florida 32771, titled in the name of Christopher Alexander Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 1, Bella Foresta Replat, a subdivision according to the plat thereof recorded in Plat Book 77, Pages 55 and 56, of the Public Records of Seminole County, Florida.

Property Identification Number: 27-19-29-505-0000-0010;

(collectively, "the Defendant Properties").

Pursuant to 18 U.S.C. §985(c)(1), the United States has properly filed a Verified Complaint for Forfeiture *In Rem* against the Defendant Properties. Doc. 1. The United States has posted a notice of the Complaint on the Defendant Properties and served notice on the titled owners, who have consented to the forfeiture. Additionally, notice of the Complaint was properly sent to any known mortgage holders and homeowners' associations (HOAs).[1] As explained below the United

---

[1] The United States did not notice any county tax collectors because Florida law and Department of Justice policy give priority to payment of *ad valorem* real property taxes and *non-ad valorem* assessments due as discussed below. The United States recognizes the interest

States recognizes the interests of the mortgage holders and HOAs—the two that filed claims, *see* Doc. 61 and 69, and those who have not.[2] The United States has also published notice of this forfeiture in case there are unknown third parties with an interest in the Defendant Properties. The requisite time periods in which to file a claim and answer, as set forth in 18 U.S.C. § 983(a)(4)(A) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, Federal Rules of Civil Procedure, have expired.

The United States intends to satisfy any unpaid obligations mentioned above solely from the proceeds of the sale of the associated Defendant Property (to the extent that there are sufficient proceeds), after the deduction of the United States' expenses relating to the seizure, maintenance, custody, publication, marketing, and sale of the property, including any and all outstanding taxes and interest due and owing the tax collectors for Orange, Osceola, and Seminole County. Therefore, the Court should order the forfeiture of the Defendant Properties to the United States.

In support thereof, the United States submits the following memorandum of

---

of tax collectors and will ensure they are properly paid.

[2] The interest of a third party can be voided for failure to file an ownership petition. *See* 21 U.S.C. § 853(n)(7), which provides that if no petitions are filed, the United States shall have clear title. Here, the United States filed the case knowing that institutional lenders and HOAs had valid, claims that it wanted to recognize as quickly as possible so that forfeiture could be ordered and the real properties could be sold, thereby maximizing the potential recovery for victims. As a result, the United States has told lenders and HOAs that it would recognize their interests without requiring them to file formal claims. It has likewise represented that, since there appears to be ample equity to satisfy third-party interests, that the exact amounts owed can be determined during the real estate closing process.

law.

## MEMORANDUM OF LAW

### I.    Statement of Facts

1.    On May 21, 2026, the United States filed a Verified Complaint for Forfeiture *In Rem* seeking to forfeit the Defendant Properties[3] as proceeds, in violation of 18 U.S.C. § 1343 and are, therefore, subject to civil forfeiture by the United States, under 18 U.S.C. § 981(a)(1)(C). Doc. 1. Additionally, the monetary transactions made to purchase the Defendant Properties, were conducted in violation of 18 U.S.C. § 1957 because they were knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically, wire fraud), and, as such, they are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(A). *Id.*

2.    The Internal Revenue Service (IRS) posted notice of the Complaint on each Defendant Property as required by 18 U.S.C. § 985(c)(1)(B).

#### A.    Notice to Potential Claimants

3.    As discussed below, the only persons or entities known to have an alleged interest in the Defendant Properties are the titled owners (Christopher Delgado, Andie Delgado, Habibi Holdings, LLC, and Habibi HQ LLC); the mortgage holders, the HOAs, and the county tax collectors. Each mortgage company and HOA has received notice of this action, which included, among other things, a

---

[3] This motion does not include the real property located at 746 Cavan Drive because the co-owner, Andie Delgado, has not consented to its forfeiture.

forfeiture notice explaining the claims process and a copy of the Verified Complaint. Consistent with Florida law and Department of Justice policy, the United States gives priority to payment of *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the county tax collector up to the date of entry of judgment. As detailed below, each titled owner has consented to the forfeiture.

### (1)    Titled Owners

#### i.    *Christopher Delgado and His Corporate Entities*

4.    Christopher Delgado has signed a plea agreement in which he agreed to enter a guilty plea to the information charging him with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, one count of substantive wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957. *United States v. Christopher Alexander Delgado*, Case No. 6:26-cr-00158-GAP-NWH (M.D. Fla.), Doc. 52. In his plea agreement, he agreed to consent to the forfeiture of all assets included in this civil forfeiture. *Id*. at 23-24.[4] Consistent with the terms of the plea agreement, Delgado also signed a consent to forfeiture, which has been filed. Doc. 32-1. In that consent, Delgado, in his capacity as manager of Habibi HQ, LLC, and Habibi Holdings, LLC, consented to forfeiture of the Defendant Properties on behalf of those entities. *Id.*

#### ii.    *Andie Delgado*

---

[4] On June 30, 2026, Delgado was arraigned on the information and entered a guilty plea; the Court has accepted the plea and adjudicated him guilty. Docs. 63, 67, 72.

5.      Andie Delgado has consented to the forfeiture of the real property located at 141 S. Phelps Avenue, Winter Park, Florida; her consent was filed with this Court on July 13, 2026. *See* Doc. 40.

### (2)   Other Potential Claimants

The United States intends to satisfy any mortgages or HOA detailed below solely from the proceeds of the sale of the associated Defendant Property (to the extent that there are sufficient proceeds), after the deduction of the United States' expenses relating to the seizure, maintenance, custody, publication, marketing, and sale of the property, and any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the county tax collector up to the date of entry of judgment.

### i.      *5271 Isleworth Country Club Drive*

Delgado purchased the Isleworth Property in cash and there is no mortgage.

The Isleworth property is subject to the Isleworth Community Association, Inc., which received notice and a copy of the Verified Complaint via FedEx.

Shortly thereafter, Don H. Nguyen, the attorney representing the Isleworth Community Association, contacted the United States' counsel. The United States represented that it would fully recognize the HOA's interest in the Isleworth Property for unpaid association dues totaling approximately $12,380.07, which consists of the following: (a) the past-due assessments and interest already accrued ($7,675.57), (b) the Q3 2026 assessment ($3,672.00, already billed but not yet

technically "due"), (c) the Q4 2026 assessment (to be billed August 31, 2026, and included since it falls within the waiver period through year-end); and (d) $950 in Attorney's fees. The HOA graciously agreed to waive the late fees. If the Isleworth Property is not sold by the end of 2026, additional assessments will be owed. Based on the United States' agreement to pay the amount due, the HOA consented to the filing of this motion.

As reflected in the Verified Complaint, Delgado failed to pay the $78,658.86 in property taxes due for 2025. Doc. 1 at 39. He now owes approximately $86,725.28 in unpaid *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the Orange County Tax Collector, which will be paid from the sale proceeds.

### ii.    *141 S. Phelps Avenue*

The Phelps Property is subject to a mortgage currently serviced by Carrington Mortgage Services, LLC and owned by BRAVO 2026-NQM3. Carrington received notice and copy of the Complaint via email.

Thereafter, Sara Accardi, the attorney representing Carrington, contacted the United States' counsel. The United States represented that it would fully recognize Carrington's interest for unpaid mortgage payments totaling approximately $2,052,426.00, which consists of the following: (a) $1,984,175.83 in unpaid principal balance, (b) $66,183.91 in interest at 7.37500%; and (c) per diem interest charge of $400.9122 after August 14, 2026. The United States has requested that Carrington waive the $2,066.82 in late charges. However, if they are not waived, the United

8

States recognizes that they are a valid fee authorized by the terms of the loan. Therefore, the mortgage company consents to the filing of this motion.

The Phelps Property is subject to the Windsong Community Association. The HOA received a notice and a copy of the Complaint via FedEx on June 25, 2026. Although the HOA has not filed a timely claim, the United States will recognize its interest and pay any delinquent balance as if a claim had been filed.

At this time, no property taxes are due.

### iii.    *17416 Bal Harbour Drive*

The Bal Harbour Property is subject to a mortgage held by Wilmington Savings Fund Society, FSB not in its individual capacity but solely as Owner Trustee of OBX 2025-NQM10 Trust. Wilmington received notice and copy of the Complaint via FedEx.

Thereafter, Allen S. Katz, the attorney representing Wilmington, contacted United States' counsel. The United States represented that it would fully recognize Wilmington's interest for unpaid mortgage payments totaling approximately $533,996.69, which consists of the following: (a) $513,190.73 in principal balance; (b) $18,509.10 in accrued interest; and (c) $129.00 in advance balance (comprised of inspections ($30) and valuations ($99) conducted per the loan documents); and (d) $2,162.01 in advance fees associated with a recent referral of the loan to a foreclosure firm for filing. And the United States agreed to recognize that the mortgage is subject to a per diem interest charge of $97.89 after August 7, 2026. Therefore, the mortgage

company consents to filing this motion.

The Bal Harbour Property is subject to the Waterside on Johns Lake Community Association, Inc. The HOA received notice and a copy of the Complaint via email. Ultimately, Hannah Borrero, the Community Association Manager, contacted the United States' counsel about the amount due to the HOA. The United States represented that it would recognize the HOA's interest for unpaid association dues totaling approximately $1,141.45 as well as any dues outstanding when the property is sold.[5] Thus, the HOA consents to the filing of this motion.

At this time, no property taxes are due.

### iv.    *222 Pawnee Trail*

The Pawnee Property is subject to a mortgage held by U.S. Bank National Association, Not in its Individual Capacity, but solely as Owner Trustee, of the New Residential Mortgage Loan Trust 2025-NQM1 ("U.S. Bank"). After receiving notice of this forfeiture, Newrez LLC d/b/a Shellpoint Mortgage Servicing as Attorney-in-Fact for U.S. Bank timely filed its Verified Claim for its interest in the Pawnee Property. Doc. 61.

On July 30 and August 4, 2026, the United States' counsel spoke with Michael Newell, who represents Newrez. The United States represented that it would recognize U.S. Bank's interest in the property for unpaid mortgage payments

---

[5] The monthly assessment is $215.00 per month.

totaling: $896,949.40, which consists of the following: (a) $854,472.40 principal balance; (b) $34,935.37 interest thru August 7, 2026; (c) $5,299.39 in fees; (d) $10.00 in release fees; and (e) $2,232.24 in funds owed by the borrower. Additionally, the mortgage is subject to a per diem interest charge of $184.36 after August 7, 2026, which the United States recognizes must be satisfied at closing. Based on the United States agreement to recognize its claim, the mortgage servicer consents to the filing of this motion.

Additionally, the Pawnee Trail property is subject to the Happy Trails Homeowner's Association, Inc. The HOA received notice and a copy of the Complaint via FedEx on June 25, 2026. Although the HOA has not filed a timely claim, the United States will recognize its interest and pay any delinquent balance as if a claim had been filed.

At this time, no property taxes are due.

<strong>v.</strong>    <strong><em>189 S. Orange Avenue, Unit 1800S, 1810S, 1820S, and 1870S</em></strong>

Habbibi HQ LLC did not mortgage the Orange Avenue Property.

The Orange Avenue Property is subject to the Plaza South Tower Commercial Condominium Association, Inc. (COA), which received notice and a copy of the Complaint via FedEx.

The COA filed a verified claim for its interest in the Orange Avenue Property. Doc. 69. On August 5, 2025, the United States' counsel spoke with Wayne Klinkbeil and Vennia Francois, counsel for the COA. The United States agreed to recognize

11

COA's interest in the Orange Avenue Property for unpaid condominium association dues amounting to approximately $74,889.52, which consists of the following: (a) $18,187.24 for Unit 1800S; (b) $17,215.86 for Unit 1810S; (c) $19,707.86 for Unit 1820S; and (d) $19,778.56 for Unit 1870S, which sums include late fees, mailing fees, interest, and attorney's fees. The United States has asked that the COA's Board consider waiving the late fees; if it does so, the amount due to date may be reduced. The United States also agreed to recognize the COA's right to collect all unpaid assessments and interest, late charges, and reasonable attorney's fees as well as sums advanced by the COA to maintain or repair the property until the property is sold. Thus, the COA consents to the filing of this motion.

At this time, no property taxes are due.

### vi.    *7333 Bella Foresta Place*

The Bella Foresta Property is subject to a mortgage held by Change Lending, LLC. The mortgage company received notice and a copy of the Complaint via FedEx on June 25, 2026. Although the mortgage company has not filed a timely claim, the United States will recognize its interest and pay any delinquent balance out to the mortgage company or any successor in interest as if a claim had been filed.

The Bella Foresta property is subject to the Bella Foresta Community Homeowners Association. The HOA received notice and a copy of the Complaint via FedEx on June 25, 2026. Although the HOA has not filed a timely claim, the United States will recognize its interest and pay any delinquent balance as if a claim

had been filed.

At this time, no property taxes are due.

### B.    Publication

The United States filed a Notice of Publication, which reflects that notice of this forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 24, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Doc. 31.

### IV.    Legal Argument

Based on the facts, which are more fully set forth in the Verified Complaint, the Defendant Properties are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(c) and Rule G(2). The Defendant Properties were paid for with proceeds of the wire fraud scheme, committed in violation of 18 U.S.C. § 1343, outlined in the complaint. Additionally, the monetary transactions made to purchase the Defendant Properties, were conducted in violation of 18 U.S.C. § 1957 because they were knowingly conducted with more than $10,000 in funds derived from specified unlawful activity (specifically, wire fraud), and, as such, they are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(A).

As required by 18 U.S.C. §985(c)(1), the United States has properly filed a Verified Complaint of Forfeiture *In Rem* against the Defendant Properties; posted a notice of the Complaint on the Defendant Properties; and served notice on the titled

13

owners of the Defendant Properties. Additionally, each interested third party including mortgage company and HOA has received notice of this action, which included, among other things, a forfeiture notice explaining the claims process and a copy of the Verified Complaint. As required by Supp'l Rule G(4)(a)(iv)(C), the United States posted notice of this forfeiture on an official government internet website ([www.forfeiture.gov](www.forfeiture.gov)) for at least 30 days, beginning May 24, 2026. Under Rule G(5)(a)(ii), a person or entity is required to file a claim to a Defendant Property within the time stated on the direct written notice, or not later than 60 days after the first date of internet publication.

Here, the 60 days ran on July 23, 2026. The internet publication gave instructions for filing a claim in the form of a Statement of Right or Interest, to be filed with the Clerk of the Court, United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801, within the time prescribed by law. The Titled Owners have consented to this forfeiture. As detailed above, the United States recognizes any interest in the Defendant Properties held by mortgage companies, HOAs, and any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the county tax collector up to the date of entry of judgment. This includes the verified claims docketed with this Court. No other person or entity has filed a timely claim to the Defendant Property.

Based on the facts set forth in the Verified Complaint, the Defendant Properties are subject to forfeiture to the United States under 18 U.S.C. §

14

981(a)(1)(C) because they were purchased with proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343. The Defendant Properties are also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), because the financial transactions conducted to purchase them were made in violation of 18 U.S.C. § 1957. Because the titled owners have consented to the forfeiture and the United States intends to recognize any interest in the Defendant Properties held by mortgage companies, HOAs, and any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the county tax collector up to the date of entry of judgment, it is appropriate for the Court to enter a Consent Judgment of Forfeiture for the Defendant Properties.

## III.   Conclusion

The United States respectfully requests that this Court enter a Judgment of Forfeiture that orders all right, title, and interest in the Defendant Property forfeited to the United States under 18 U.S.C. § 981(a)(1)(C) and 981(a)(1)(A) and that vests clear title to the Defendant Property in the United States for disposition according to law, subject to the payment of any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the applicable County Tax Collector up to the date of entry of judgment as well as any outstanding mortgage or HOA delinquency as discussed above.

15

## <u>CERTIFICATION OF COMPLIANCE WITH RULE 11</u>

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. By my signature below I confirm under penalty of perjury that artificial intelligence was not used in the preparation of this filing.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:  *s/Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Florida Bar Number 56359
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: anita.cream@usdoj.gov

*s/Blain A. Goff*
BLAIN A. GOFF
Assistant United States Attorney
Florida Bar Number 109467
E-mail: blain.goff@usdoj.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system that will send a notice of

electronic filing to counsel of record.

*s/Anita M. Cream*

ANITA M. CREAM
Assistant United States Attorney
