**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.** **Case No. 6:26-cv-1134-AGM-LHP**

**ASSETS IDENTIFIED IN PARAGRAPH ONE OF VERIFIED COMPLAINT**

**Defendants.**

**JUDGMENT OF FORFEITURE OF REAL PROPERTY**
**LOCATED AT 746 CAVAN DRIVE, APOPKA, FL**

THIS CAUSE comes before the Court on the United States's Consent Motion for Judgment of Forfeiture (Doc. # 88), for the real property located at 746 Cavan Drive, Apopka, Florida 32703, titled in the name of Christopher Alexander Delgado and Andie Delgado, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

> Lot 180, Breckenridge Phase II, according to the map or plat thereof, as recorded in Play Book 68, Page(s) 150 through 153, inclusive, of the Public Records of Orange County, Florida.
>
> Property Identification Number: 08-21-28-0881-01-800

("the Cavan Property").

Having been fully advised in the premises, the Court finds that the Cavan Property is subject to forfeiture as proceeds obtained in violation of 18 U.S.C. § 1343, and subject to civil forfeiture by the United States under 18 U.S.C. § 981(a)(1)(C).

The Court further finds that the United States has properly complied with 18 U.S.C. §

985(c)(1) by filing a Verified Complaint for Forfeiture *In Rem* against the Cavan Property. (Doc. # 1.) Additionally, the United States has posted a notice of the Complaint on the Cavan Property and served notice on Christopher Delgado and Andie Delgado the titled owners, who have consented to this forfeiture.

The Court further finds that the Cavan Property was purchased by Christopher Delgado and Andie Delgado for $725,000 in December 2021 and Christopher Delgado used at least $160,527.96 in proceeds of wire fraud to make payments towards the mortgage on the Cavan Property

The Court further finds that Andie Delgado has entered a settlement agreement with the United States in which she consented to the forfeiture of the Cavan Property subject to the terms outlined in the settlement agreement. (Doc. # 88-1.) They provides:

a. Andie Delgado will maintain possession of the Cavan Property until October 30, 2026, if she provides proof that the mortgage and homeowners association (HOA) fees and assessments are current through the date of September 2, 2026 (the settlement date) and any September and October payments will be paid timely. (*Id.*)

b. The United States will sell the Cavan Property and, solely from the sale proceeds (to the extent that there are sufficient proceeds), after the deduction of the United States' expenses relating to the seizure, maintenance, custody, publication, marketing, and sale of the property, shall satisfy any and all outstanding taxes and interest due and owing the Orange County Tax Collector, as well as any outstanding mortgage balance and HOA delinquency. (*Id.* at 2-3.)

c. The United States will retain for forfeiture the first 18% of the sale proceeds

remaining after the payments outlined in subparagraph c, ("the net proceeds") as property traceable to proceeds. The remaining 82% of the net proceeds will be divided equally between the parties, with the United States returning 50% to Andie Delgado. In other words, the United States will forfeit 59% of the net proceeds (18% plus 41%) and will return 41% to Andie Delgado. However, if there is a mortgage or HOA delinquency through October 30, 2026, that delinquency will be deducted from the 41% due to Andie Delgado. (*Id.* at 3.)

The Court further finds that public records reflect that no property taxes are due to the Orange County Tax Collector. However, the United States will recognize the interest of the Tax Collector and satisfy any outstanding obligations solely from the proceeds of the sale of the Cavan Property (to the extent that there are sufficient proceeds), after the deduction of the United States' expenses relating to the seizure, maintenance, custody, publication, marketing, and sale of the property, and any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the Orange County Tax Collector up to the date of entry of judgment.

The Court further finds that the Cavan Property is subject to a mortgage owned by United Wholesale Mortgage, LLC, which filed a Verified Claim for its interest in the Cavan Property. (Doc. # 85.) The United States recognizes United Wholesale's interest in the property and will satisfy the balance from the proceeds of the sale of the Cavan Property from the net proceeds of the sale.

The Court further finds the Cavan Property is subject to the Breckenridge Landowners Association, Inc. (d/b/a/ Breckenridge Landowners Homeowners Association). The United States will fully recognize the HOA's interest in the Cavan Property for unpaid association

dues or assessments and will satisfy the HOA's lien from the net proceeds of the sale.

The Court further finds that the United States posted notice of this forfeiture on an official government internet website (www.forfeiture.gov) for at least 30 days, beginning May 24, 2026, as evidenced by the Notice of Publication filed with this Court. (Doc. # 31.)

No other persons or entities have filed either a timely claim or an answer to the complaint for forfeiture within the times specified in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G, or have otherwise appeared or answered in this regard, and the time to do so has expired.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the United States' Consent Motion for Judgment of Forfeiture (Doc. # 88) is GRANTED,

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), all right, title, and interest in the Cavan Property is CONDEMNED and FORFEITED to the United States for disposition according to law. Clear title to the Cavan Property is now vested in the United States, subject to: (1) any *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the Orange County Tax Collector; (2) the terms of the settlement agreement the United States has reached with the Andi Delgado; (3) any unpaid interest that may be due and owing to United Wholesale Mortgage, LLC, and the Breckenridge Landowner's Association Inc. (or any successor in interest);

It is FURTHER ORDERED that the Internal Revenue Service and/or its duly appointed agent is directed to seize the real property located at 746 Cavan Drive Apopka, Florida 32703, on October 31, 2026, and take full and exclusive custody and control of same. The Internal Revenue Service and/or its duly authorized agent is authorized to make entry

onto these properties on October 31, 2026—or earlier if Andie Delgado consents, for the purposes of inspection, preservation, security, and safety, and for any other purpose related to the forfeiture.

**DONE** and **ORDERED** in Orlando, Florida, this October 6, 2026.

**ANNE-LEIGH GAYLORD MOE**
UNITED STATES DISTRICT JUDGE

**Copies to:**

Anita M. Cream, AUSA
Blain A. Goff, AUSA